J. Kevin Lilly, Bar No. 119981
klilly@littler.com
Scott M. Lidman, Bar No. 199433
slidman@littler.com
Ian T. Maher, Bar No. 280746
imaher@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
WERNER ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SMITH, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>WERNER ENTERPRISES, INC., dba C.L. WERNER, INC., a corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 15-cv-2978<br><br>**DEFENDANT WERNER ENTERPRISES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>**CLASS ACTION FAIRNESS ACT**<br><br>(Superior Court of California, County of Alameda, Case No. RG15770009)<br><br>Complaint filed: May 12, 2015<br>Trial Date: None Set |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Werner Enterprises, Inc. ("Werner Enterprises") hereby removes the above-captioned action from the Superior Court for the State of California, County of Alameda, to the United States District Court for the Northern District of California.

This removal is based on 28 U.S.C. sections 1441 and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(d) (Class Action Fairness Act).

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. section 1332(d)(2). As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) defendants are not a state, state official or other governmental entity; (3) there is diversity between at least one class member and defendants; and (4) the amount in controversy for all class members exceeds $5,000,000.

## II. VENUE

2. This action was filed in the Superior Court of the State of California, County of Alameda. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. sections 84(a), and 1441(a) and 1446. Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that venue is proper in a judicial district where a substantial part of the event or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b).

## III. PLEADINGS AND PROCESS

3. On May 12, 2015, Plaintiff William Smith ("Plaintiff") filed an unverified Complaint entitled *William Smith, on behalf of himself, all others similarly situated, and on behalf of*

1.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

*the general public v. Werner Enterprises, Inc., dba C.L. Werner, Inc., a corporation and DOES 1 through 100, inclusive*, Case Number RG15770009 in the Superior Court of California, County of Alameda ("Complaint" or "Compl."). Attached as **Exhibit A** is a true and correct copy of the Complaint. The Complaint asserts seven causes of action against Werner Enterprises: (1) failure to pay compensation for all time worked/all miles driven; (2) failure to provide meal periods; (3) failure to authorize and permit rest breaks; (4) knowing and intentional failure to comply with itemized employee wage statements; (5) failure to reimburse/illegal deductions; (6) failure to pay timely wages due at termination/waiting time penalties; and (7) violation of unfair competition law. Plaintiff brings these causes of action on behalf of a putative class consisting of "[a]ll persons who are or have been employed by Defendants WERNER and/or DOES in the State of California as non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles during the liability period of the relevant statute of limitations." (*Id.* ¶ 43.) Plaintiff alleges on information and belief that the putative class contains "hundreds of employees" of Werner Enterprises. (*Id.* ¶ 46.) Plaintiff seeks compensatory damages, special damages, penalties, injunctive relief, restitution, attorneys' fees, costs, and interest, among other damages. (*Id.* at Prayer for Relief.)

4. On May 12, 2015, a Summons and Civil Case Cover Sheet were issued. Attached as **Exhibit B** is a true and correct copy of the Summons and Civil Case Cover Sheet.

5. On May 13, 2015, the Court set the Complex Determination Hearing and a Case Management Conference. Attached as **Exhibit C** is a true and correct copy of the Notice of Complex Determination Hearing and Case Management Conference.

6. On May 28, 2015, Werner Enterprises was personally served with the Summons, Complaint, and Civil Case Cover Sheet. (*See* **Exhibit B**.)

7. On June 16, 2015, the Court held the Complex Determination Hearing and the Superior Court designated the action as complex. Attached as **Exhibit D** is a true and correct copy of the Minutes from the Complex Determination Hearing and Order designating the action as complex.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

2.

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

8. Pursuant to 28 U.S.C. section 1446(a), **Exhibits A-D** comprise all process, pleadings, and orders which have been filed and/or served in this matter. Attached as **Exhibit E** is a true and correct copy of the Superior Court's Docket, last visited June 23, 2015.

## IV. THE PARTIES

9. According to the Complaint, Plaintiff was employed by Werner Enterprises within the last four years as a "truck driver, industrial truck driver, industrial truck worker, driver paid on a piece-rate basis and/or any similar job designation." (Compl. ¶ 21.) Plaintiff was and is a resident of California. (*Id.*)

10. Werner Enterprises, Inc. is a Nebraska corporation with its headquarters in Omaha, Nebraska. (Declaration of Steven K. Tisinger ["Tisinger Decl."] ¶ 3.) Werner Enterprises is not a State, State official, or other government entity.

## V. TIMELINESS OF REMOVAL

11. Under 28 U.S.C. section 1446(b) and Federal Rule of Civil Procedure, Rule 6(a)(1)(C), a Notice of Removal of a civil action must be filed within thirty (30) days of receipt of service of the Summons and Complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48, 354 (1999) (holding removal period is triggered by completed state service of process). The Complaint was served on May 28, 2015. (*See* **Exhibit B**.) Accordingly, this removal was timely filed within 30 days of service.

## VI. THE DISTRICT COURT MAY EXERCISE ORIGINAL JURISDICTION PURSUANT TO CAFA

12. District Courts may exercise original jurisdiction under CAFA where: (1) the proposed class contains at least 100 members; (2) defendants are not a state, state official or other governmental entity; (3) there is diversity between at least one class member and defendants; and (4) the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5). CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

13. The United States Supreme Court recently held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Owens v. Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct 547, 551, 553 (2014). The Court further held this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.*

14. Werner Enterprises has previously and successfully removed a putative class action alleging claims virtually identical to the instant class action filed against it, pursuant to CAFA: *Russell v. Werner Enterprises, Inc., et al.*, Northern District of California Case No. 4:14-cv-03839-PJH ("*Russell*"), removed on August 25, 2014. (Declaration of Ian T. Maher ("Maher Decl."), filed concurrently herewith, ¶¶ 2-3, Exhs. A (First Amended Complaint in *Russell*) and B (Notice of Removal in *Russell*).) *Russell* involves a putative class of Werner Enterprises' truck drivers who worked in California during the period of time from June 4, 2010 through the present, which overlaps in large part with the putative class that Plaintiff seeks to represent in the instant Complaint. (Maher Decl. ¶¶ 2-3, Exhs. A (First Amended Complaint in *Russell* ¶¶ 6, 9) and B (Notice of Removal in *Russell* ¶ 5 and Exhibit A thereto); **Exhibit A** (Compl. ¶ 43), attached hereto.) Of the six causes of action alleged in *Russell*, five are similar to claims alleged in this case.[1] (Maher Decl. ¶ 2, Exh. A (First Amended Complaint in *Russell* ¶¶ 16-20, 21-25, 26-30, 31-34); **Exhibit A** (Compl. ¶¶ 75-84, 85-106, 107-124, 125-130, 140-146), attached hereto.) The only difference as to relief sought in these five claims is in the third cause of action in *Russell*, which in part seeks damages for improper deductions, and Plaintiff's fifth cause of action, which seeks damages primarily for failure to reimburse. (Maher Decl. ¶ 2, Exh. A (First Amended Complaint in *Russell* ¶¶ 26-30); **Exhibit A** (Compl. ¶¶ 131-39), attached hereto.)

---

[1] Plaintiff has not brought a cause of action under the Private Attorneys General Act ("PAGA"), California Labor Code section 2698 *et seq.*, as was alleged in *Russell*. (Maher Decl. ¶ 2, Exh. A (First Amended Complaint in *Russell*).)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

**A.      Plaintiff Brought This Class Action On Behalf Of More Than 100 Persons**

15.     CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

16.     Plaintiff seeks to represent all current and former "non-exempt truck drivers, industrial truck drivers, industrial truck workers, and/or drivers paid on a piece-rate basis, and/or any similar job designations and titles" employed by Werner Enterprises who worked in California at any time "during the liability period of the relevant statute of limitations." (Compl. ¶ 43.) Plaintiff alleges on information and belief that the putative class contains "hundreds of employees" of Werner Enterprises. (*Id.* ¶ 46.) Werner Enterprises further alleges that the class proposed by Plaintiff well exceeds 100. Based on Plaintiff's allegations, CAFA's numerosity requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

17.     Moreover, the demonstration of the numerosity requirement in *Russell* establishes that the numerosity requirement is satisfied here as well. The statutes of limitations on Plaintiff's first cause of action for wages and second and third causes of action for failure to provide meal and rest periods is three years, but a fourth year of recovery is available under California's Unfair Competition Law, which is subject to a four year statute of limitations. Cal. Code Civ. Proc. § 338(a); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1099-1100, 1114 (2007); Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Prods. Co.,* 23 Cal. 4th 163, 178-179 (2000) (holding actions for unpaid wages pursuant to Business and Professions Code sections 17200, *et seq* are subject to a four-year statute of limitations). As such, the relevant time period is four years prior to the filing of Plaintiff's Complaint, or from May 12, 2011 to May 12, 2015, as Plaintiff acknowledges in his Complaint. (*See* Compl. ¶¶ 3-11 (stating that numerous violations occurred "[f]or at least four years prior to the filing of this action").) As demonstrated in *Russell*, approximately 14,000 drivers travelled miles in California for Werner Enterprises from June 4, 2010

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

to July 31, 2014.  (Maher Decl. ¶ 3, Exh. B (Notice of Removal in *Russell* ¶ 24).)  Thus, numerosity is easily satisfied.

### B. Werner Enterprises Is Not A Government Entity

18. Werner Enterprises is not a State, State official, or other government entity.

### C. Plaintiff Is A Citizen Of California And Werner Enterprises Is A Citizen Of Nebraska

19. An individual is a citizen of any state where he or she is domiciled at the time the lawsuit is filed.  28 U.S.C. § 1332(a)(1).  Plaintiff alleges he is a resident of California.  (Compl. ¶ 23.)  Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship.  *Chamness v. Stonebridge Life Ins. Co.*, No. CV 09–0780 AHM (JCx), 2009 WL 734137, at *2 (C.D. Cal. Mar. 18, 2009) (finding residency allegations in complaint "sufficient" to support citizenship allegations in removal notice); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship); *Marroquin v. Wells Fargo, LLC*, Civil No. 11cv163–L (BLM), 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (same).  Accordingly, Plaintiff is a citizen of California for diversity purposes.

20. Werner Enterprises is a Nebraska corporation with its headquarters in Omaha, Nebraska.  (Tisinger Decl. ¶ 3.)  For diversity purposes, a corporation "shall be deemed a citizen of any State in which it is incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The Supreme Court's decision in *Hertz v. Friend*, 559 U.S. 77, 91-92 (2010), clarified that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters."  In this respect, Werner Enterprises' corporate headquarters are located in Omaha, Nebraska where its executive and senior management personnel work and its primary operations are located.  (Tisinger Decl. ¶ 3.)  Thus, Werner Enterprises is a citizen of Nebraska for diversity purposes.

21. DOES 1-100 are fictitious defendants, are not parties to this action, and have not been named or served.  The consent of the Doe defendants is not required because CAFA

6.

permits any defendant to unilaterally remove the action if the requirements of CAFA are met, as they are here. *See* 28 U.S.C. § 1453(b).

22. Finally, diversity is sufficiently established under CAFA where, as here, any single member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A); *see Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005) (noting CAFA vests original jurisdiction for class actions in federal court where minimal diversity exists). Hence, minimal diversity exists among the parties for removal pursuant to CAFA because Plaintiff is a citizen of the State of California and Werner Enterprises is a citizen of the State of Nebraska.

**D.   More Than $5,000,000 Lies In Controversy[2]**

23. Under CAFA, individual claims are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The failure of the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining … to place a specific dollar value upon its claim"). Rather, the inquiry must focus on the amount placed "in controversy" by the Complaint, not the amount Werner Enterprises would owe if Plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010); *see also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("'It's not a question as to what you would owe. It's a question as to what is in controversy.'"). In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. Mar. 25, 2002).

---

[2] Werner Enterprises denies the validity and merit of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, Plaintiff's claims for monetary relief as alleged in the Complaint place more than $5,000,000 in controversy, exceeding CAFA's jurisdictional minimum.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

24.     As explained above, a defendant seeking to remove a case to federal court need only file "a notice of removal '**containing a short and plain statement of the grounds for removal**'" as stated under 28 U.S.C. section 1446(a).  *Owens*, 135 S. Ct at 551, 553 (emphasis added).  According to the United State Supreme Court, "[b]y design, §1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and thus, on removal, federal courts are to accept the defendant's "amount-in-controversy allegation when not contested by the plaintiff or questioned by the court." *Id.* at 553.  Accordingly, "a defendant's notice of removal **need include only a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added).

25.     Plaintiff asserts seven causes of action against Werner Enterprises:  (1) failure to pay compensation for all time worked/all miles driven; (2) failure to provide meal periods; (3) failure to authorize and permit rest breaks; (4) knowing and intentional failure to comply with itemized employee wage statements; (5) failure to reimburse/illegal deductions; (6) failure to pay timely wages due at termination/waiting time penalties; and (7) violation of unfair competition law.  (Compl. ¶¶ 75-156.)  Werner Enterprises alleges that the amount in controversy for the putative class on these claims well exceeds $5,000,000.

26.     Further, as discussed above, Plaintiff's Complaint asserts many similar claims as those in *Russell*, including failure to pay compensation for all time worked, failure to provide meal and rest periods, failure to provide accurate itemized employee wage statements, and failure to pay timely wages due at termination.  (Maher Decl. ¶ 2, Exh. A (First Amended Complaint in *Russell* ¶¶ 16-20, 21-25, 26-30, 31-34); **Exhibit A** (Compl. ¶¶ 75-84, 85-106, 107-124, 125-130, 140-146), attached hereto.)  In removing the *Russell* action, Werner Enterprises established that the amount in controversy on similar claims as alleged here was $53,949,222 assuming an hourly rate of pay of $16 and $34,054,301 assuming an hourly rate of pay of $8.  (Maher Decl. ¶ 3, Exh. B (Notice of Removal in *Russell* ¶ 45).)[3]  Specifically, Werner Enterprises established that the amount in controversy placed at issue in *Russell* was as follows:

---

[3] These amounts also did not include any amount attributed to the PAGA claim in *Russell*.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8.

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

| Claim | Amount in Controversy ($16 Hourly Rate) | Amount in Controversy ($8 Hourly Rate) |
|---|---|---|
| Meal Periods | $3,886,854 | $1,943,272 |
| Rest Breaks | $3,886,854 | $1,943,272 |
| Minimum and Regular Wages | $1,295,514 | $647,757 |
| Unauthorized Deductions | $4,800,000 | $4,800,000 |
| Wage Statements | $9,360,000 | $9,360,000 |
| Waiting Time Penalties | $30,720,000 | $15,360,000 |
| **TOTAL** | **$53,949,222** | **$34,054,301** |
| PAGA | + | + |
| Attorneys' Fees | +25% | +25% |

27. The calculations in *Russell* for the meal and rest period claims and the failure to pay minimum and regular wages claim were based on drivers who traveled miles in California at some point during the period of June 4, 2010 to July 31, 2014. (Maher Decl. ¶ 3, Exh. B (Notice of Removal in *Russell* ¶¶ 24, 32-39).)  The relevant time period in this action for those claims is May 12, 2011 to May 12, 2015.  The overlap between these time periods (May 12, 2011 to July 31, 2014) constitutes approximately 77% of the time period in the *Russell* action.  Therefore, even if the amount in controversy in the *Russell* action for the meal and rest period claims and the failure to pay minimum and regular wages claim are reduced by 23%, the amount in controversy on these claims alone is still $6,983,300.94 at the $16 hourly rate and $3,491,411.77 at the $8 hourly rate.[4]  This underestimates the amount in controversy in the instant action as it does not account for potential liability from August 1, 2014 to May 12, 2015.

28. The amount in controversy on the failure to provide accurate wage statements claim in *Russell* was based on putative class members who traveled miles in California during the

---

[4] The calculation at a $16 hourly rate is:  ($3,886,854 + $3,886,854 + $1,295,514) x 0.77 = $6,983,300.94.  The calculation at an $8 hourly rate is:  ($1,943,272 + $1,943,272 + $647,757) x 0.77 = $3,491,411.77.

9.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

period of January 1, 2014 through June 4, 2014. (Maher Decl. ¶ 3, Exh. B (Notice of Removal in *Russell* ¶ 41).) A claim for penalties under California Labor Code section 226 for failure to provide accurate wage statements is subject to a one year statute of limitations. *Holak v. K Mart Corp.*, No. 1:12–cv–00304–AWI–MJS, 2015 WL 2384895, at *6 (E.D. Cal. May 19, 2015). As such, the relevant time period for Plaintiff's claim for failure to provide accurate wage statements is May 12, 2014 to May 12, 2015. The overlap between these two time periods (May 12, 2014 through June 4, 2014) constitutes approximately 15% of the time period in *Russell*. Therefore, the portion of the amount in controversy from the failure to provide accurate wages statements in *Russell* that is in controversy in this action is $1,404,000 ($9,360,000 x 0.15). And this estimate is conservative as it does not account for any liability from June 5, 2014 to May 12, 2015.

29. With respect to the claim for waiting time penalties in *Russell*, Werner Enterprises calculated the amount in controversy based on an estimate of the number of putative class members terminated between January 1, 2012 to July 31, 2014. (Maher Decl. ¶¶ 3-4, Exhs. B (Notice of Removal in *Russell* ¶ 42) and C (Declaration of Mary Kaye Howe in Support of Notice of Removal in *Russell* ¶ 4).) The statute of limitations for claims for waiting time penalties under California Labor Code section 203 is the same as the statute of limitations for a claim for wages, which is three years. Cal. Labor Code § 203(b); Cal. Code Civ. Proc. § 338(a). As such, the relevant time period for Plaintiff's waiting time penalties claim is May 12, 2012 to May 12, 2015. The overlap between these two time periods (May 12, 2012 to July 31, 2014) constitutes approximately 86% of the time period in *Russell*. Therefore, the amount in controversy from the *Russell* action that is in controversy in the instant action is $26,419,200 based on a $16 hourly rate ($30,720,000 x 0.86) and $13,209,600 based on an $8 hourly rate ($15,360,000 x 0.86). And this does not account for the amount in controversy based on the time period from August 1, 2014 to May 12, 2015.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.
DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

30. Based on the most conservative estimates of the amount in controversy from the *Russell* action, and after adjusting those amounts to account for the overlap between the relevant time periods in the two actions, there is still $18,105,011.77 in controversy.[5]

31. Plaintiff also seeks attorneys' fees for the alleged California Labor Code violations. (Compl. at Prayer for Relief.) Sizeable fee awards are recognized in class actions alleging violations of the California Labor Code. *See e.g., Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157, 1216-18 (2008) (affirming award of $727,000 in attorneys' fees in a California Labor Code section 203 matter); *Vasquez v. California,* 45 Cal. 4th 243, 249 (2008) (noting award of $435,000 in attorneys' fees for class claims seeking wages and penalties). In California, it is not uncommon for fee awards to consist of 25% of gross awards to plaintiffs.

32. Thus, Plaintiff's Complaint places in controversy an amount far in excess of the jurisdictional minimum required to establish diversity under CAFA. There can be no good faith dispute that the jurisdictional threshold for removal jurisdiction under CAFA is satisfied here.

## VII. NOTICE TO PLAINTIFF AND THE STATE COURT

33. As required by 28 U.S.C. section 1446(b), Werner Enterprises is concurrently providing Plaintiff, through his counsel, with written notice of this removal.

34. Further, Werner Enterprises is also concurrently filing a copy of the Notice of Removal with the Superior Court of the State of California, in and for the County of Alameda, pursuant to 28 U.S.C. section 1446(d).

/ / /

/ / /

/ / /

---

[5] The calculation based on an hourly rate of $8 is: $3,491,411.77 for wage, meal and rest period claims + $1,404,000 for failure to provide accurate wage statements + $13,209,600 for waiting time penalties = $18,105,011.77.

11.

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

1  WHEREFORE, Werner Enterprises hereby removes this action from the Superior Court of the State of California, in and for the County of Alameda, to the United States District Court, Northern District of California.

Dated: June 26, 2015

>  */s/ Scott M. Lidman*
> J. KEVIN LILLY
> SCOTT M. LIDMAN
> IAN T. MAHER
> LITTLER MENDELSON, P.C.
> Attorneys for Defendant
> WERNER ENTERPRISES, INC.

Firmwide:134061125.1 081559.1000

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

DEFENDANT WERNER ENTERPRISES, INC.'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446